[Sac. No. 4746. In Bank.—March 15, 1933.]

M. C. TALBOTT et al., Respondents, v. TURLOCK IRRI-GATION DISTRICT (a *Quasi*-Public Corporation) et al., Appellants.

Griffin and Boone for Appellants.

Hawkins & Hawkins for Respondents.

PRESTON, J.—Plaintiffs, on May 29, 1928, as owners of a certain tract of land in Stanislaus County, sued defendants to enjoin them from further trespassing on said

land for the purpose of constructing, operating and maintaining an irrigation ditch through it and as incidental to such relief plaintiffs sought damages for injury already done the premises by excavation and similar work.

Defendants, a duly organized irrigation district and an improvement district within it, the latter organized in 1928 pursuant to the act of 1927 (Stats. 1927, p. 1415), in response to said action filed an answer and later a cross-complaint. The cross-complaint alleged that they were jointly in charge of a public use for the construction and operation of an irrigation ditch within the general boundaries of said district; that the said ditch was to be of large proportions and that in the prosecution of said purpose it was necessary to traverse the above-mentioned lands of plaintiffs with the ditch. In other words, defendants in effect brought a cross-action for condemnation of a 45-foot strip of land through the premises above described.

The cause when at issue, and in the year 1930, was tried by the court sitting without a jury. Upon the trial the cause of action alleged by plaintiffs was practically absorbed in the cross-action. The court granted the relief asked by the cross-complainants; assessed plaintiffs' damages for taking of the strip at $755; decreed that payment of this sum was a condition precedent to prosecution of said purpose by cross-complainants and enjoined them from further proceeding therewith until payment was made. Both cross-complainants, being dissatisfied with the decree, appealed.

The court, in making up the item of total damages as specified, figured as follows: $205 for .82 of an acre of land taken for construction of the ditch itself; $250 for the loss of another acre of land of the use of which plaintiffs would be deprived by the improvement and lastly, $300 for severance damages and for previous damages suffered by plaintiffs through excavation work done along the right of way by defendants.

Basing their injury upon this method of itemizing by the court appellants urge that the improvement district did the condemning and trespassing and not the irrigation district; hence all sums that are to be paid are to come from the treasury of the improvement district, and, further, that in so far as damages for the trespass are concerned, the improvement district cannot be held liable as no provision of the law authorizes the levy of an assessment to pay such a claim.

A ready answer to both these contentions is that all items of the judgment are proper elements in an award in eminent domain. The excavations made were part of the construction of the improvement itself and hence the court presumably gave plaintiffs by its judgment no more than they would have received had no trespass been committed and their lands remained intact. The only purpose that could be served by specification of the item of $300 damages is that in case defendants should abandon the project, plaintiffs might have it as a foundation for their claim for injury already suffered. Another sufficient answer to the claim of appellants is that both districts claimed to be in joint charge of the public use and both districts committed the trespass upon appellants' lands; hence no reason whatsoever exists for segregation of their liability.

The judgment is affirmed.

Curtis, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.

Shenk, J., and Langdon, J., deeming themselves disqualified, did not participate herein.